# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| HORTENCIA R. LEIJA,<br>　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　Agency. | DOCKET NUMBER<br>DA-0752-11-0588-M-1<br><br><br>DATE: January 7, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Anthony Rogers</u>, San Antonio, Texas, for the appellant.

<u>Thomas Herpin</u>, Esquire, Houston, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the remand initial decision, which reversed the appellant's removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). To the extent the appellant's claims constitute a possible compliance matter we FORWARD those claims to the Denver Field Office for docketing as a timely filed petition for enforcement.

¶2      The Board remanded this appeal for further proceedings consistent with the court's decision in *Leija v. Department of Veterans Affairs*, 530 F. App'x 945 (Fed. Cir. 2013). This case involves the appellant's July 11, 2011 removal based on her failure to accept a directed reassignment from the position of Diagnostic Radiological Technician, GS-9, which she held prior to a compensable work-related injury, to the position of Medical Support Assistant, GS-4, with retained pay at the GS-9 grade level. The court vacated the portion of the Board's initial decision that affirmed the agency's removal action.

¶3      On remand, because the parties declined the opportunity to hold a supplemental hearing to further develop the record, the administrative judge afforded them the opportunity to file closing briefs. Remand Appeal File, Tab 13, Remand Initial Decision (RID) at 1. The administrative judge found that, because the agency declined the opportunity to supplement the record on remand, the agency accepted the factual background as set forth by the court. RID at 2. Specifically, the court found that the appellant "was employed as a Medical

Support Assistant and performing the duties of that position pursuant to several job offers that she accepted—despite her initial rejection of such employment in the [agency]'s December 2010 offer." *Leija*, 530 F. App'x at 952; RID at 5. The administrative judge found further that, prior to the appellant's July 11, 2011 removal, the record showed that the appellant had performed the duties of the Medical Support Assistant position continuously from August 2010 until she was granted family medical leave in May 2011. Thus, the administrative judge found that the agency failed to show by preponderant evidence that the appellant refused reassignment to the Medical Support Assistant position.

¶4      The administrative judge also found that the appellant failed to prove her affirmative defenses of disability discrimination and harmful error in the agency's alleged failure to apprise her of her right of appeal to the Board or the Equal Employment Opportunity Commission. RID at 6-7. Regarding her disability discrimination claim, the administrative judge found that the agency continued to reasonably accommodate the appellant and that it wrongly removed her based on its mistaken belief that its charge of failing to accept a directed reassignment was supported. RID at 7. The administrative judge found that the appellant's supervisor credibly testified that the agency fulfilled its obligation to fully assess the appellant's medical condition, her job skills, the work environment, and the agency's resources in offering the reassignment. RID at 7. Thus, the administrative judge found that the appellant failed to prove disability discrimination regarding the agency's decision to remove her. RID at 7. In addition, the administrative judge found that the appellant failed to develop her harmful error claim, either during the hearing or in her various submissions, and thus he concluded that she failed to prove this claim. The administrative judge reversed the appellant's removal and ordered the agency to reinstate the appellant with back pay and benefits retroactive to the date of the canceled removal, July 22, 2011.

¶5 As a preliminary matter on review, we address the appellant's <u>allegation</u> <u>that the agency failed to provide her interim relief</u><s>motion to dismiss the agency's petition for review due to its alleged failure to provide interim relief</s>. Remand Petition for Review (RPFR) File, Tab 7. <s>The appellant asserts that the agency was required to provide her with interim relief when it filed its petition for review and that the agency has failed to certify that it has provided her interim relief. RPFR File, Tab 2.</s> It is well established that the purpose of the statutory interim relief provision is not to make the appellant whole at the interim relief stage of the proceedings. *Norton v. Department of Veterans Affairs*, <u>112 M.S.P.R. 248</u>, ¶ 7 (2009); *Ginocchi v. Department of the Treasury*, <u>53 M.S.P.R. 62</u>, 71 n.6 (1992). Rather, the intent of interim relief is to protect the appellant from hardship during the pendency of her appeal if she prevails in the initial decision. *Herrin v. Department of the Air Force*, <u>95 M.S.P.R. 536</u>, ¶ 15 (2004); *Smith v. Department of Veterans Affairs*, <u>59 M.S.P.R. 340</u>, 350 (1993). More generally, interim relief is to benefit both the agency and the appellant by limiting the waste of human and financial resources during the petition for review process. *See Herrin*, <u>95 M.S.P.R. 536</u>, ¶ 15; *Ginocchi*, 53 M.S.P.R. at 69–70. When a removal action is reversed, it is a fundamental element of interim relief that the appellant be reinstated with pay, effective as of the date of the initial decision. *Herrin*, <u>95 M.S.P.R. 536</u>, ¶ 15; *Lambert v. Department of the Navy*, <u>85 M.S.P.R. 130</u>, ¶ 7 (2000). To establish compliance with an interim relief order, all that an agency must accomplish by the petition for review filing deadline is to take appropriate administrative action, such as executing a Standard Form (SF) 50 or SF-52 that will result in the issuance of a paycheck for the interim relief period. *Salazar v. Department of Transportation*, <u>60 M.S.P.R. 633</u>, 639 (1994).

¶6 Here, the agency counsel has provided a certificate of interim relief, sworn under penalty of perjury, stating that the agency has rescinded the July 22, 2011 removal and returned the appellant to the Medical Support Position and that the appellant was placed in an authorized absence pay status from the date of the

initial decision, May 19, 2014, until she was returned to duty on July 28, 2014. RPFR File, Tab 9 at 6. The certificate states further that the appellant has received approximately $12,427 in gross pay for the period of May 19, 2014, to August 9, 2014. *Id*. Although the appellant argues that the agency failed to reinstate her to the proper position and she claims that she has not received the back pay she is entitled to because she was reinstated to the GS-4 Medical Support Assistant position, this argument does not establish that the agency failed to provide interim relief. RPFR File, Tab 3 at 4. In this case, the agency reinstated the appellant to the Medical Support Assistant position, the same position in which the court found that she was "employed" and was "performing the duties of that position pursuant to several job offers that she accepted" at the time of her removal. *Leija*, 530 F. App'x at 952. Thus, we reject the appellant's contentions that the agency failed to comply with the interim relief order. RPFR File, Tabs 1, 7.

¶7        On review, the appellant appears to be challenging the Board's decision to dismiss her restoration claim for lack of jurisdiction and she asserts that the Employee's Compensation Appeals Board (ECAB) decision is "new evidence" showing that she should have been restored to the position of Diagnostic Radiological Technologist at the GS-9 level. However, the court affirmed the Board's decision to dismiss the appellant's restoration claim for lack of jurisdiction. Thus the appellant's restoration claim is barred from any further litigation by the doctrine of collateral estoppel. *Leija*, 530 F. App'x at 954-55; *see Kroeger v. U.S. Postal Service*, 865 F.2d 235, 239 (Fed. Cir. 1988) (collateral estoppel, or issue preclusion, is appropriate when (1) an issue is identical to that involved in the prior action, (2) the issue was actually litigated in the prior action, (3) the determination on the issue in the prior action was necessary to the resulting judgment, and (4) the party precluded was fully represented in the prior action).

¶8        Further, to the extent the appellant may be arguing that her removal was improper and that the ECAB decision impacts the merits of the agency's removal action, the administrative judge reversed the appellant's removal and we have found no basis upon which to disturb this determination.  Because the removal was correctly reversed, the probative value of the ECAB decision in determining the merits of the removal is irrelevant.[2]

¶9        The appellant also appears to be reasserting her claim of disability discrimination.  However, the administrative judge addressed this argument in the remand initial decision and we find no basis upon which to disturb his determination.  RID at 7.  Specifically, the administrative judge found that the appellant's supervisor credibly testified that the agency fulfilled its obligation to fully assess the appellant's medical condition, her job skills, the work environment, and the agency's resources in offering the reassignment.  RID at 7.  Thus, the administrative judge found that the appellant failed to prove disability discrimination concerning the agency's decision to remove her.  RID at 7.  While the appellant continues to argue that the agency discriminated against her by "requesting a directed reassignment," the appellant has shown no basis upon which to disturb the administrative judge's finding that the appellant failed to prove disability discrimination regarding the agency's decision to remove her.

¶10       In addition, the appellant raises for a first time on review a vague claim of whistleblower reprisal.  *See* RPFR File, Tab 1.  However, the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  Because the appellant has made no such showing, we have not addressed this claim.

---

[2] The court noted that the Board "can" consider the probative value of the ECAB decision regarding the appellant's removal appeal, but it did not require the Board to consider the ECAB decision.  *Leija*, 530 F. App'x at 955 n.7.

¶11 Finally, to the extent the appellant's claims constitute a possible compliance matter, it is well settled that allegations of noncompliance should be heard in the first instance by the administrative judge. *See Weed v. Social Security Administration*, 107 M.S.P.R. 142, ¶ 14 (2007). Accordingly, we forward those claims to the Denver Field Office for docketing as a petition for enforcement.

**ORDER**

¶12 We ORDER the agency to cancel the removal action and to restore the appellant effective July 11, 2011. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶13 We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶14 We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶15 No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not

8

fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶16      For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:　　　　　　　　　_____
　　　　　　　　　　　　　　　William D. Spencer
　　　　　　　　　　　　　　　Clerk of the Board

Washington, D.C.

|  | **DFAS CHECKLIST**<br><br>**INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |
|---|---|

AS CHECKLIST: INFORMATION REQUIRED BY IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

   a. Outside earnings with copies of W2's or statement from employer.
   b. Statement that employee was ready, willing and able to work during the period.
   c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a.  Employee name and social security number.
   b.  Detailed explanation of request.
   c.  Valid agency accounting.
   d.  Authorized signature (Table 63)
   e.  If interest is to be included.
   f.  Check mailing address.
   g.  Indicate if case is prior to conversion.  Computations must be attached.
   h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2.  Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3.  Outside earnings documentation statement from agency.

4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.

5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a.  Must provide same data as in 2, a-g above.
   b.  Prior to conversion computation must be provided.
   c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.